UNITED STATES DISTRICT COURT
for the
EASTERN DISTRICT OF NORTH CAROLINA

U.S.A. vs. Ishmael Sebastian Kelly                              Docket No. 5:11-CR-166-1FL

**Petition for Action on Supervised Release**

    COMES NOW Debbie W. Starling, U.S. Probation Officer of the court, presenting a petition for modification of the Judgment and Commitment Order of Ishmael Sebastian Kelly, who, upon an earlier plea of guilty to Possession of Firearms and Ammunition by a Convicted Felon, in violation of 18 U.S.C. §§ 922(g)(1) and 924, was sentenced by the Honorable Louise W. Flanagan, U.S. District Judge on July 19, 2012, to the custody of the Bureau of Prisons for a term of 30 months. It was further ordered that upon release from imprisonment the defendant be placed on supervised release for a period of 36 months.

    Ishmael Sebastian Kelly was released from custody on September 18, 2013, at which time the term of supervised release commenced. On October 31, 2013, a Violation Report was submitted to the Court advising that the defendant had taken a morphine pill which was not prescribed to him, and was charged with Driving While License Revoked. His supervision was continued. The charge was subsequently dismissed, and he secured a valid drivers license. On July 11, 2014, the defendant's conditions of supervision were modified in response to drug use (marijuana) to include two days jail, and the DROPS condition. Kelly completed a 5-day DROPS sanction in response to drug use (marijuana) in August 2014. On October 22, 2014, a Violation Report was submitted to the Court advising that the defendant was charged with Reckless Driving to Endanger, Exceeding Posted Speed, and Communicating Threats, all of which were subsequently dismissed. The defendant completed a 10-day DROPS sanction in response to drug use (marijuana) in July 2015.

    **RESPECTFULLY PRESENTING PETITION FOR ACTION OF COURT FOR CAUSE AS FOLLOWS:** The defendant was charged with Driving While License Revoked and Speeding on May 5, 2015, in Lee County, North Carolina. The defendant had secured a valid drivers license on April 9, 2015, and stated that he was unaware his license was suspended. A check of his drivers history revealed that his license was suspended on May 4, 2015, for failing to pay a fine on an infraction. He has been instructed to resolve this issue in order to have his driving privilege reinstated. The defendant submitted a drug screen which proved positive for cocaine on August 26, 2015. When confronted, he admitted that he used cocaine, and expressed remorse for his relapse. He is currently undergoing intensive mental health and substance abuse treatment. According to his treatment provider, he believes that the defendant could benefit from location monitoring and remote alcohol monitoring, which would limit the defendant's association with negative peers and give him an opportunity to adjust to medication prescribed by his psychiatrist. Subsequent drug screens have yielded negative results. Based upon these factors, it is respectfully recommended that the defendant's conditions of supervision be modified to include location monitoring and remote alcohol monitoring. The defendant understands that should the court extend him an opportunity to remain on supervision, that any further violations will result in his immediate return to court. The defendant signed a Waiver of Hearing agreeing to the proposed modification of supervision.

Ishmael Sebastian Kelly
Docket No. 5:11-CR-166-1FL
Petition For Action
Page 2

**PRAYING THAT THE COURT WILL ORDER** that supervised release be modified as follows:

1. The defendant shall abide by all conditions and terms of the home detention program for a period not to exceed 120 consecutive days. The defendant shall be restricted to residence at all times except for pre-approved and scheduled absences for employment, education, religious activities, treatment, attorney visits, court appearances, court obligations or other activities as approved by the probation officer. The defendant shall submit to the following Location Monitoring: Radio Frequency monitoring and abide by all program requirements, instructions and procedures provided by the supervising officer.

2. The defendant shall abide by all terms and conditions of the Remote Alcohol Monitoring Program, as directed by the probation officer, for a period not to exceed 120 consecutive days.

Except as herein modified, the judgment shall remain in full force and effect.

| Reviewed and approved, | I declare under penalty of perjury that the foregoing is true and correct. |
|---|---|
| /s/ Robert L. Thornton<br>Robert L. Thornton<br>Supervising U.S. Probation Officer | /s/ Debbie W. Starling<br>Debbie W. Starling<br>U.S. Probation Officer<br>310 Dick Street<br>Fayetteville, NC 28301-5730<br>Phone: 910-354-2536<br>Executed On: October 15, 2015 |

**ORDER OF THE COURT**

Considered and ordered this \_\_15th\_\_ day of \_\_October\_\_, 2015 and ordered filed and made a part of the records in the above case.

_____
Louise W. Flanagan
U.S. District Judge